**IT IS ORDERED**

**Date Entered on Docket: September 12, 2018**

_____
**The Honorable David T. Thuma**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

IN RE:

JOEL V RAMOS
CATHERINE V. RAMOS

      Debtors.               Case No. 17-12117-t13

**STIPULATED ORDER MODIFYING THE AUTOMATIC STAY
AND PROVIDING FOR THE ABANDONMENT OF PROPERTY**

This matter came before the Court on the Motion for Relief from Automatic Stay for the Abandonment of Property to JPMorgan Chase Bank, National Association, filed on June 6, 2018, (DOC 60) (the "Motion") by JPMorgan Chase Bank, National Association ("JPMorgan"), and the Debtors' Opposition to Motion for Relief (the "Objection") filed on June 27, 2018 (DOC 65). The Court, having reviewed the record, the Motion, the Objection and being otherwise sufficiently informed, FINDS:

    a.    On June 6, 2018, JPMorgan served the Motion and a notice of the Motion (the "Notice") on Christopher L Trammell, Attorney for Debtors, and Tiffany M. Cornejo, Trustee

(the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtors Joel V Ramos and Catherine V. Ramos, by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

      b.      The Motion relates to the property located at 10801 Denton Rd SW Albuquerque, New Mexico 87121, more fully described as:

> Lot numbered Thirty-four (34) in Block lettered "I" of the Plat of EL RANCHO GRANDE UNIT 16, City of Albuquerque, Bernalillo County, New Mexico, as the same is shown and designated on said plat of said subdivision filed in the office of the County Clerk of Bernalillo County, New Mexico on September 29, 2005, in Plat Book 2005C, page 319.

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes (the "Property"). If there is a conflict between the legal description and the street address, the legal description shall control.

      c.      The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

      d.      The Notice was sufficient in form and content;

      e.      The objection deadline expired on July 2, 2018;

      f.      On June 27, 2018 the Debtors filed an Objection to the Motion;

      g.      As of August 17, 2018 no other party in interest, filed an objection to the Motion;

      h.      The Court being advised of both the Debtors' and the Trustee's consent to the relief requested herein and their approval as to the form of this Order; and the Court having considered JPMorgan's Motion, now enter this Order modifying the automatic stay and providing for the abandonment of property in the event of default.

      The parties stipulate and agree to the following terms:

1. The Debtor will cure the post-petition payment amounts due on JPMorgan's Note (the "Note") and Mortgage for April 1, 2018 through August 1, 2018, being five (5) payments of $1,307.54 each, minus a suspense amount of $3.84, **for a total post-petition payment arrearage amount through August 17, 2018 of $6,533.86**.

2. The first payment of $1,088.98 is due by September 25, 2018, the second payment of $1,088.98 is due by October 25, 2018, the third payment of $1,088.98 is due by November 25, 2018, the fourth payment of $1,088.98 is due by December 25, 2018, the fifth payment of $1,088.98 is due by January 25, 2019, and the final payment of $1,088.96 is due by February 25, 2019. **Remittance of full and timely payment amounts under this payment schedule will cure and satisfy the current total post-petition payment arrearage amount of $6,533.86 by February 25, 2019**. These payments shall include the loan number and will be made in certified funds and will be delivered to:

>JPMorgan Chase Bank, N.A.
>Mail Code OH4-7142
>3415 Vision Drive
>Columbus OH, 43219

The Debtors shall continue to make their regular monthly mortgage payments in the current amount of $1,307.54 as they come due (unless otherwise notified by JPMorgan), commencing with the September 1, 2018 payment and continuing thereafter.

3. In the event the Debtors fail to tender a payment as due and required by this Order, the movant may file a Notice of Default with the Court, which will be mailed to the Debtors and sent by electronic notification to Debtors' counsel. The Debtors will have ten (10) days from the filing of a Notice of Default to cure the default. **The Debtors will only receive two (2) such Notices**. If the Debtors fail to cure the default, including the payment of the above described attorney's fees, within ten (10) days from the filing of a Notice of Default, then upon

the movant's filing of an Affidavit of Default, the automatic stay effectuated by Debtors' bankruptcy filing will be lifted as ordered herein, so that JPMorgan may avail itself to the rights and remedies afforded under its Note and Mortgage, including but not limited to the right to foreclose against the property if available under State Law.

4. **In the event that the Debtors default a third time, the movant may immediately proceed with the filing of its Affidavit of Default, thereby terminating the automatic stay and abandoning the subject property as ordered herein, so that JPMorgan may avail itself to the rights and remedies afforded under its Note and Mortgage, including but not limited to the right to foreclose against the property if available under State Law**.

5. In the event the Debtors default and upon proper notice of the default to the Trustee, the Trustee shall immediately cease making payments to JPMorgan pursuant to the Debtors' Chapter 13 Plan, and future payments, if any, will only be made by the Trustee pursuant to an Amended Proof of Claim filed by JPMorgan for any unsecured deficiency balance.

IT IS, THEREFORE, THE ORDER OF THIS COURT:

That in accordance with the above agreed upon terms, upon the movant's filing of an Affidavit of Default and pursuant to Section 362(d) of Title 11 of the United States Code (the "Bankruptcy Code"), the automatic stay of Section 362(a) of the Bankruptcy Code is hereby lifted as to the real property identified in JPMorgan's Note and Mortgage. Said property is located at 10801 Denton Rd SW, Albuquerque, New Mexico 87121 (the "Property"), more fully and completely described as:

> Lot numbered Thirty-four (34) in Block lettered "I" of the Plat of EL RANCHO GRANDE UNIT 16, City of Albuquerque, Bernalillo County, New Mexico, as the same is shown and designated on said plat of said subdivision filed in the office of the

4000-3120-FBB 6525087.doc mdb 4
Case 17-12117-t13    Doc 69    Filed 09/12/18    Entered 09/12/18 11:03:14 Page 4 of 6

County Clerk of Bernalillo County, New Mexico on September 29, 2005, in Plat Book 2005C, page 319.

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes. If there is a conflict between the legal description and the street address, the legal description shall control.

That upon default by the Debtors and proper notice of the default to the Trustee, the Property is hereby abandoned pursuant to Section 554 of the Bankruptcy Code, and JPMorgan may avail itself to the rights and remedies afforded under the Note and Mortgage, including but not limited to the right to foreclose against the Property if available under State Law.

That upon default by the Debtors and proper notice of the default to the Trustee, the Trustee shall cease making payments to JPMorgan pursuant to Debtors' Chapter 13 Plan, and any future payment and/or deficiency owed by the Debtors to JPMorgan after sale of the Property shall be set forth in an Amended Proof of Claim filed by JPMorgan and shall be subject to the Bankruptcy Code should this bankruptcy continue. If the Note and the obligation therein are fully satisfied and there remain any money-proceeds from the sale of the Property, then such monies will be paid to the Trustee for the benefit of the estate.

That upon the Debtors' default, the filing of the movant's Affidavit of Default, and the termination of the automatic stay and the abandonment of the subject property as provided herein, Fed. R. Bankr. P. 4001(a)(3) is not applicable and/or is waived and JPMorgan may immediately enforce and implement relief from the automatic stay and foreclose on the subject property if available under State Law.

This Stipulated Order (the applicable payment and default terms herein) shall remain effective, upon conversion to another chapter bankruptcy.

XXX END OF ORDER XXX

SUBMITTED BY:

ROSE L. BRAND & ASSOCIATES, P.C.

By _____
   ANDREW YARRINGTON
   Attorneys for JPMorgan
   7430 Washington Street, NE
   Albuquerque, NM 87109
   Telephone: (505) 833-3036
   Andrew.Yarrington@roselbrand.com

APPROVED BY:

By __*Approved Via Email on 9/7/2018*___
   Christopher L Trammell
   Attorney for Debtors
   3900 Juan Tabo NE
   Albuquerque, NM 87111-3984
   Telephone: (505) 294-0131
   cltlaw@comcast.net


By __*Approved Via Email on 8/22/2018*_____
   Tiffany M. Cornejo,
   Chapter 13 Trustee
   625 Silver Avenue SW Suite 350
   Albuquerque, NM 87102-3111
   Telephone: 505-243-1335

COPY TO:

Joel V Ramos
Catherine V. Ramos
Debtors
10801 Denton Rd SW
Albuquerque, NM 87121